**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **MARCO A. AGUILAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:11-CV-312 |
| | ) | |
| **REPUBLIC SERVICES TRANSPORTATION** | ) | |
| **OF INDIANA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is an agreed motion by the parties seeking approval of a proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 24.) As the proposed order contains several deficiencies, it will be DENIED.

First, the proposed order's definition of "Non-Party Personnel Documents"—"documents included in the personnel files . . . of any employee or former employee who is not a party to this action"—is overly broad. (Proposed Stipulated Protective Order ¶ 5.) "[N]ot all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). "Indeed, there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005).

Furthermore, the definition of Non-Party Personnel Documents enables the sealing of entire documents simply because they "contain" private information, such as a social security

number. (Proposed Stipulated Protective Order ¶ 5.) Of course, private information could be more narrowly protected through simply redacting it from the document. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (explaining that an order sealing documents *containing* confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document.) Although the proposed order incorporates a method of redaction (Proposed Stipulated Protective Order ¶ 7), it does not correct the issue, as once a document falls within the scope of the overly-broad definition of Non-Party Personnel Documents, redaction is not required.

Finally, paragraph 20 of the proposed order indicates that the protective order may be modified "upon mutual agreement of the Parties *and/or* Order of the Court." (Emphasis added.) An order of the Court, however, cannot be modified simply through agreement of the parties, as the Court must ensure that the amendment conforms with the requirements of Federal Rule of Civil Procedure 26(c)(1) and Seventh Circuit case law.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46. That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Therefore, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-

1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).

For these reasons, the Court hereby DENIES approval of the proposed agreed protective order submitted by the parties. (Docket # 24.) Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law.

SO ORDERED.

Enter for this 25th day of June, 2012.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge